**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

VICTOR TAGLE,

              Plaintiff,

vs.

VENUS FAJOTA, et al.,

              Defendants.

Case No. 2:15-cv-02082-JCM-VCF

**ORDER**

This matter involves Plaintiff Victor Tagle's *pro se* civil rights action under 42 U.S.C. § 1983 against Defendants Nevada Department of Correction ("NDOC") banking main supervisor Venus Fajota, caseworker Anthony Ritz, law library supervisor Jenice Salazar, and caseworker Larry Weust. Before the Court are Tagle's (1) Motion for Complaint's Copy and Authorities Intervention (ECF No. 27); (2) Motion for Increase on Copywork to Submit Exhibits, and Submission of Exhibits to the Above Cases (ECF No. 35); (3) Motion for Court's Intervention (ECF No. 36); (4) Motion for Review of Filings (ECF No. 37); (5) Motion for Evidentiary Hearing (ECF No. 38); and (6) Motion for Issue of Summonses on Record, Illegal Confiscation of Documents / Exhibits Physical / Emotional Stress Inflicted on Plaintiff due to Retaliation (ECF No. 41). The Court has considered the Motions. For the reasons stated below, Tagle's Motions are denied.

## I. BACKGROUND

Plaintiff Victor Tagle is a prisoner in the custody of the NDOC. Since 2003, Tagle has filed numerous habeas actions and over 30 civil rights actions in the District of Nevada, 10 of which are open

1

and active.[1] Tagle commenced this action on October 30, 2015, by filing an *in forma pauperis* ("IFP") application and complaint in this Court. ECF Nos. 1, 8. United States District Judge Mahan entered a screening order on April 19, 2016, dismissing 16 counts against 12 defendants and allowing a due process claim against Fajota, retaliation claims against Ritz and Weust, and an outgoing mail violation claim against Salazar to proceed.[2] *See* ECF No. 7 at 14-15. On September 1, 2016, this Court granted Tagle permission to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915 and LSR 1-1 of the Local Rules of Practice. *See* ECF No. 18.

## II. DISCUSSION

As a preliminary matter, the Court notes that Tagle writes his Motions by hand in a manner and style that is nearly impossible to read. The Court is no graphologist, but will do its best to summarize.[3] Tagle is advised to make sure that his filings are written clearly and legibly so that this Court can understand his positions.

### A. Motion for Complaint's Copy and Authorities Intervention (ECF No. 27)

Tagle's Motion for Complaint's Copy and Authorities Intervention requests this Court and "the

---

[1] *See* Case Nos. (1) 2:15-cv-02506-APG-VCF; (2) 2:16-cv-00851-RFB-GWF; (3) 2:15-cv-00623-APG-GWF; (4) 2:15-cv-01402-JAD-VCF; (5) 2:15-cv-02082-JCM-VCF; (6) 2:15-cv-02143-RFB-CWH; (7) 2:16-cv-00709-GMN-NJK; (8) 3:16-cv-00148-MMD-WGC; (9) 3:17-cv-00257-RCJ-VPC; and (10) 3:17-cv-00284-MMD-VPC.

[2] The screening order also imposed a 90-day stay and the Court entered a subsequent order in which the parties were assigned to mediation by a court-appointed mediator. *See* ECF No. 9. The Office of the Attorney General filed a status report indicating that settlement had not been reached and informed the Court of its intent to proceed with this action. *See* ECF No. 16.

[3] *See* Graphology, The American Heritage Dictionary of the English Language 766 (5th ed. 2011) (defining "graphology" as "the study of handwriting…").

proper authorities" to intervene in this matter. Tagle alleges that Chris A. Beecroft, Clark Leslie, and Hardcastle ordered Renee Baker to confiscate Tagle's "5 boxes of legal documents" and put him in a "max security cell." ECF No. 27 at 1. Tagle also asserts that these individuals have abused him repeatedly. *Id*. Tagle states that while Clark Leslie and Adam Laxalt's motions "took 3 days for the clerk to submit them before the court," his motions have been held for months, even years due to the "busy" schedule of the Court's Clerk. *Id*. at 2. Tagle asks this Court to review such "shortcomings." *Id*.

Tagle's Motion objects to the actions of individuals who are not parties to this case. In fact, Tagle's Motion does not even mention the named Defendants. In any event, Tagle's Motion does not request any specific relief from the Court, let alone provide factual or evidentiary support or legal authority for his motion. Accordingly, the motion is denied.

If Tagle were seeking injunctive relief to prohibit alleged harassment or abuse by NDOC correctional officers, that request would most likely be denied.[4] He has not met his burden of showing, *inter alia*, a likelihood of success on the merits. Further, it does not appear that Tagle has exhausted his administrative remedies regarding the allegations that the guards or library supervisors are taking his mail and legal papers or physically abusing him. Consequently, Tagle has not made a clear showing that

---

[4] To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm; (3) the balance of hardships favors the plaintiff; and (4) an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, the plaintiff must demonstrate (1) serious questions on the merits; (2) a likelihood of irreparable harm; (3) the balance of hardships tips sharply in the plaintiff's favor; and (4) an injunction is in the public interest. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In addition, in circumstances involving civil actions challenging prison conditions, injunctive relief "must be narrowly draw, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). The Court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out" in § 3626(a)(1)(B). *Id*. As an "extraordinary and drastic remedy," a preliminary injunction should not be granted "unless the movant, by a clear showing, carries the burden of persuasion." *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation and emphasis omitted).

injunctive relief is appropriate.

**B. Motion for Increase on Copywork to Submit Exhibits, and Submission of Exhibits to the Above Cases (ECF No. 35)**

In this Motion, Tagle asks the Court to extend his copy work limit by $30 to submit exhibits for this case and 6 others. *See* ECF No. 35 at 1.

The right to meaningful access to the courts does not confer a right to free unlimited photocopies. *See Sands v. Lewis*, 886 F.2d 1166 (9th Cir. 1989) (citing *Jones v. Franzen*, 697 F.2d 801, 803 ("[B]road as the constitutional concept of liberty is, it does not include the right to xerox." (7th Cir. 1983)). NDOC Administrative Regulation 722.01(7)(E) allows inmates to accrue a maximum of $100 debt for legal copywork expenses for all cases—not per case. Tagle asks for $30 in additional money but he does not state his current balance.

Although the Ninth Circuit has not spoken on the issue, courts in other jurisdictions have not allowed plaintiffs proceeding *in forma pauperis* to receive free copies of documents from the court without the plaintiff demonstrating a specific showing of need. *See, e.g.*, *Collins v. Goord*, 438 Supp. 2d 399 (S.D.N.Y. 2006); *Guinn v. Hoecker*, 43 F. 3d 1483 (10th Cir. 1994). Tagle seeks additional copies to prepare and send exhibits to the Court. *See* ECF No. 35 at 2. Tagle does not identify any specific document which must be photocopied, or the quantity of copies which must be made for him to proceed in this action. The Court requires a more particularized showing of need before it will order the State to extend an inmate's copy account. If Tagle believes that he needs copies for cases in other courts or in other cases in this court, he must seek an order for copies in each such particular case based upon a particularized showing of need.

Tagle's Motion is denied without prejudice. Tagle may refile the motion if and only if he is able to make a more particularized showing of need.

### C. Motion for Court's Intervention (ECF No. 36)

Tagle's Motion for Court's Intervention does not request any specific relief from the Court. *See* Fed. R. Civ. P. 7(b)(1). Instead, Tagle's Motion asks whether the Court has received his Motion for Complaint's Copy and Authorities Intervention. *See* ECF No. 36 at 1. Indeed, the Court has received Tagle's Motion. *See* ECF No. 27. With that said, the Court will deny the Motion for Court's Intervention.

### D. Motion for Review of Filings (ECF No. 37)

Tagle filed the Motion for Review of Filings in this case and several others.[5] The motions are duplicate requests for relief. Filing multiple motions requesting the same relief is an abusive litigation tactic that taxes the resources of the Court and all of the parties to a lawsuit. Other courts have scolded Tagle for filing duplicate requests for relief. *See Tagle v. Nevada*, 2:15-cv-00216-JCM-PAL, 2016 WL 6440423, at *1 (D. Nev. Oct. 27, 2016). Under Rule 11 of the Federal Rules of Civil Procedure, sanctions may be imposed on an unrepresented party who signs a paper that is either filed with the court for an improper purpose or is frivolous. *See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co*., 981 F.2d 429, 439 (9th Cir. 1992) (upholding Rule 11 sanctions because a party's second motion to compel largely duplicated the first) (citing *Townsend v. Holman Consulting Corp*., 929 F.3d 1358. 1362 (9th Cir. 1990) (en banc)).

Tagle is again warned that continued motion practice requesting relief that has already been denied, filing duplicative motions, or making frivolous, unsupported requests may result in the imposition of sanctions, including a recommendation to the district judge that he be declared a vexatious litigant or that this case be dismissed. *See Tagle*, 2:15-cv-00216-JCM-PAL, 2016 WL 6440423, at *2.

---

[5] *See, e.g.*, 2:15-cv-00623-APG-GWF; 2:15-cv-01402-JAD-VCF; and 2:15-cv-02143-RFB-CWH.

The Motion for Review of Filings does not request any specific relief from the Court. *See* ECF No. 37. Instead, the Motion asks the Court a question: whether Tagle's Response to his Motion for Summary Judgment ("Response") was filed. Putting aside the issues with the Response itself, the Court notes that Tagle's Response was filed on April 27, 2017. *See* ECF No. 28. For that reason, the Court will deny the Motion.

### E. Motion for Evidentiary Hearing (ECF No. 38)

In this motion, Tagle alleges that on August 5, 2011, a lowlife NDOC guard impersonating a Police Officer abducted him without a warrant or motive. *See* ECF No. 38 at 1. Later, according to Tagle, "street walkers [illegible word] … warrants and documents to justify their crimes." *Id*. For the next six years, Tagle claims that the Defendants have physically and mentally abused him on a daily basis. *Id*. And so Tagle requests an evidentiary hearing because "all the constitutional amendments, NRS, and NDOC's rules, which protect the Plaintiff, have been violated." *Id*. at 2. Tagle provides no factual or evidentiary support or specific legal authority for his request. *See* Fed. R. Civ. P. 7(b)(1). Therefore, the motion is denied.

### F. Motion for Issue of Summonses on Record, Illegal Confiscation of Documents / Exhibits Physical / Emotional Stress Inflicted on Plaintiff due to Retaliation (ECF No. 41)

In this Motion, Tagle requests the following: (1) "Authorities' and Courts' Intervention" (2) "Evidentiary Hearing" and (3) "Summonses to Serve defendants." *See* ECF No. 41 at 3-4.

Tagle provides neither factual or evidentiary support, nor specific legal authority for his requests. The Motion objects to a document entitled "Motion to Strike Affidavit in Support of Cases and Request of Summonses to Serve Defendants in Regard Illegal Confiscation of Exhibits and Retaliation Physical Punishment et al." *See* ECF No. 41 at 1. But the Defendants have not filed a Motion to Strike in this case.

Tagle is referring to another one of his cases. *See* 3:16-cv-00148-MMD-WGC, ECF No. 59.

Additionally, Tagle requests this Court to issue summonses for individuals that are not Defendants in this case. In particular, Tagle requests summons for the following individuals: (1) the State of Nevada, (2) NDOC, (3) Warden Renee Baker, (4) Carpenter (both wife and husband), (5) "increase on the $20 copywork," (6) Lieutenant Olivas (both wife and husband), (7) six NDOC guards (Garrett, Gouvea, Vinsley, Bennett, Hoffman, and Moone), (8) law library supervisor Pamela Feil, and (9) email/Feil's supervisor Gilden. *See* ECF No. 41 at 3-4. Judge Mahan, however, previously entered a screening order dismissing 16 counts against 12 defendants allowing only a due process claim, two retaliation claims, and an outgoing mail violation claim to proceed against four defendants: Fajota, Ritz, Salazar, and Weust. Tagle does not request summonses for these remaining defendants. *See* Fed. R. Civ. P. 4. The Motion is denied.

ACCORDINGLY, and for good cause,

IT IS ORDERED that Tagle's (1) Motion for Complaint's Copy and Authorities Intervention (ECF No. 27); (2) Motion for Increase on Copywork to Submit Exhibits, and Submission of Exhibits to the Above Cases (ECF No. 35); (3) Motion for Court's Intervention (ECF No. 36); (4) Motion for Review of Filings (ECF No. 37); (5) Motion for Evidentiary Hearing (ECF No. 38); and (6) Motion for Issue of Summonses on Record, Illegal Confiscation of Documents / Exhibits Physical / Emotional Stress Inflicted on Plaintiff due to Retaliation (ECF No. 41) are DENIED.

**NOTICE**

Pursuant to Local Rule IB 3-1, any objection to this Order must be in writing and filed with the Clerk of the Court within 14 days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *See Thomas*

*v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 19th day of May, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE