# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

VICTOR TAGLE,

        Plaintiff,

vs.

STATE OF NEVADA, *et al.*,

        Defendants.

2:15-cv-02082-JCM-VCF

**ORDER**

MOTIONS TO STRIKE [ECF NOS. 58, 60]

    Before the Court are Defendants, Venus Fajota, Anthony Ritz, Jenice Salazar, and Larry Weus' motions to strike documents filed by Plaintiff Victor Tagle. (ECF Nos. 58, 60). For the reasons discussed below, Defendants' motions to strike are granted.

    Tagle has filed an "answer" and "affidavit" containing personal attacks on Defense counsel, prison employees, and Court officials. (ECF Nos. 57, 59). Defendants move to strike these documents as they are (1) fugitive documents and (2) serve no purpose but to harass, unnecessarily delay the proceedings, and needlessly increase the cost of litigation. (ECF Nos. 58, 60).

    "It is well established that '[d]istrict courts have inherent power to control their docket,'" including the authority "to strike items from the docket as a sanction for litigation conduct." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (*quoting Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.,* 146 F.3d 1071, 1074 (9th Cir.1998)). "[D]istrict courts follow a long standing practice of striking filings that do not comply with the Federal Rules of Civil Procedure." *Tagle v. Bean*, No. 2:15-CV-01402-JAD-VCF, 2017 WL 2192969, at \*3 (D. Nev. May 18, 2017).

Tagle's "answer" and "affidavit" are not proper filings permitted under the Federal Rules of Civil Procedure or Local Rules, such as a complaint, motion, response, or reply. These documents serve no purpose in the case, and therefore ECF Nos. 57 and 59 shall be stricken.

The Court must also caution Tagle regarding Federal Rule of Civil Procedure 11(b): "By presenting to the court a pleading, written motion, or other paper…an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief…it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction." Fed. R. Civ. P. 11(c). The Court is not contemplating sanctions at this time. However, should Tagle continue to file fugitive documents that appear to be presented solely to harass Defense counsel and other individuals, the Court may consider sanctions in the future.

Accordingly,

IT IS FURTHER ORDERED that Defendants' motions to strike (ECF Nos. 58, 60) are GRANTED. ECF Nos. 57 and 59 are hereby stricken.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.

*Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist*., 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**.

IT IS SO ORDERED.

DATED this 26th day of March, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE