UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| VICTOR TAGLE,<br><br>　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>STATE OF NEVADA,<br><br>　　　　　　　　Defendant(s). | Case No. 2:15-CV-2082 JCM (VCF)<br><br>ORDER |

Presently before the court is *pro se* plaintiff Victor Tagle's ("plaintiff") petition for writ of mandamus. (ECF No. 87). The State of Nevada filed a response (ECF No. 90), to which plaintiff replied (ECF No. 94).

Also before the court is plaintiff's second petition for writ of mandamus. (ECF No. 99).

Also before the court is defendant Venus Fajota, Anthony Ritz, Janice Salazar, and Larry Wuest's ("defendants") motion for summary judgment. (ECF No. 91). After this court granted plaintiff an extension of time to file a response, plaintiff did so on October 7, 2019. (ECF No. 98). Defendants replied. (ECF No. 101).

Also before the court is plaintiff's motion for default judgment. (ECF No. 85). Defendants filed a response (ECF No. 86), to which plaintiff replied (ECF No. 89).

Also before the court is plaintiff's motion for entry of clerk's default. (ECF No. 74). Defendants filed a response. (ECF No. 75).

Also before the court is plaintiff's request for submission. (ECF No. 100).

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

**I.    Background**

This is a prisoner civil rights case pursuant to 28 U.S.C. § 1983. (*See* ECF No. 23). Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), proceeds *pro se* and *in forma pauperis*. (ECF Nos. 1, 8).

On October 30, 2015, plaintiff initiated this action. (ECF No. 1). Plaintiff's twenty-count complaint was screened by the court. (ECF No. 7). The court found that plaintiff alleged colorable claims against defendants, who are NDOC employees, for violating his constitutional rights by (1) intentionally withdrawing money from plaintiff's inmate account for duplicative and frivolous charges; (2) retaliating against him by sending plaintiff to disciplinary segregation for filing a kite; (3) tampering with plaintiff's outgoing mail; and (4); retaliating against him by sending plaintiff to disciplinary segregation for filing a lawsuit and complaining that his cellmate had stolen his legal documents. (ECF No. 8).

**II.    Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to

James C. Mahan
U.S. District Judge

- 2 -

its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

. . .

### III. Discussion

#### A. *Default judgment and entry of clerk's default*

Obtaining a default judgment is a two-step process. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The rule then provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule." Fed. R. Civ. P. 55(b)(2).

The court denies plaintiff's motion for default judgment and motion for entry of clerk's default. (ECF Nos. 74, 85). As this court indicated in its prior order (ECF No. 66) denying plaintiff's initial motion for entry of clerk's default (ECF No. 63), defendants have appeared in this action and have participated meaningfully at every stage in this litigation.

#### B. *Writs of mandamus*

The court next addresses plaintiff's petitions for writs of mandamus. (ECF Nos. 87, 99). Federal Rule of Civil Procedure 81(b) specifically abolishes federal writs of mandamus. Fed. R. Civ. P. 81. Instead, writ relief is available only as permitted by statute. As pertinent here, 28 U.S.C. § 1361 allows the court to "compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added).

Defendants are not employees of the United States or any agency thereof. Thus, the court lacks subject matter over plaintiff's petitions. Plaintiff labors under the mistaken belief that "when somebody has his case dismissed, [he] appeals to: state supreme court, then to US district court, then to court of appeals." (ECF No. 94 at 2). Not so. To adopt plaintiff's understanding of the judiciary would run afoul of the anti-commandeering doctrine and the Tenth Amendment to the United States Constitution.

Plaintiff's petitions for writs of mandamus are denied. (ECF Nos. 87, 99).

#### C. *Summary judgment*

Pursuant to Local Rule 7-2(d), an opposing party's failure to file a memorandum of points and authorities in response to any motion constitutes the party's consent to the granting of the

James C. Mahan
U.S. District Judge

- 4 -

motion and is proper grounds for dismissal. LR 7-2(d). However, "summary judgment cannot be granted by default, even if there is a *complete* failure to respond to the motion." Fed. R. Civ. P. 56, 2010 cmt. to subdivision (e) (emphasis added). The court may only grant summary judgment if "the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e).

This principal is borne out by Ninth Circuit case law holding that a court cannot grant a summary judgment motion merely because it is unopposed. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 949-50 (9th Cir. 1993); *see also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003) (a district court cannot grant a motion for summary judgment based merely on the fact that the opposing party failed to file an opposition). Consequently, Local Rule 7-2(d) specifically exempts motions for summary judgment from the general rule. LR 7-2(d).

Thus, even without an opposition, the court must apply standards consistent with Federal Rule of Civil Procedure 56, determining if the moving party's motion demonstrates that there is no genuine issue of material fact and judgment is appropriate as a matter of law. *Henry*, 983 F.2d at 950; *Martinez*, 323 F.3d at 1182.

Here, plaintiff filed a response to defendants' motion for summary judgment, but he failed to include a memorandum of points and authorities addressing the grounds of the defendants' motion. (ECF No. 91). Instead, plaintiff responds with a variety of irrelevant, inflammatory, and unsubstantiated allegations, accusations, and complaints.

For instance, plaintiff argues that "[n]evertheless, [he is] going to answer due [to] the fact this is becoming a circus, or Comedy Central. Not even in the 3rd world [has he] seen this. No shame at all. Money talks bullshit walks." *Id.* at 1. Plaintiff goes on to say "[t]he opportunity of pin point [sic] your errors, yet the court wipe[s] their ass with the <u>truth</u> however I'll show you again you're not a lawyer, just a lucky asshole with state's money." *Id.* (emphasis in original). Plaintiff then takes issue with the court's screening order and presents unsubstantiated allegations that culminate in the assertion that the state is "so full of shit." *Id.* at 3.

**James C. Mahan**
**U.S. District Judge**

- 5 -

Despite plaintiff's profanity-laden response being devoid of cogent legal argumentation, the court will review the merits of defendants' motion for summary judgment rather than summarily dismiss this action.

*1. Administrative exhaustion*

Defendants argue that they are entitled to summary judgment because plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"). (ECF No. 91 at 6–9).

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust his administrative remedies irrespective of the forms of relief sought and offered through administrative avenues. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Failure to exhaust administrative remedies is "'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204 (2007)). Unless the failure to exhaust is clear from the face of the complaint, the defense must be raised in a motion for summary judgment. *See id.* (overruling in part *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003)). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts [in a preliminary proceeding]." *Id.* at 1168, 1170–71 (citations omitted).

"Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim. If discovery is appropriate, the district court may in its discretion limit discovery to evidence concerning exhaustion, leaving until later—if it becomes necessary—discovery related to the merits of the suit." *Id.* at 1170 (citing *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008)). Where a defendant shows that the plaintiff failed to exhaust available administrative remedies, the burden shifts to the plaintiff "to come forward with evidence showing that there is something in his

particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

Here, defendants argue (and plaintiff does not dispute[1]) that plaintiff has failed to take full advantage of the NDOC's grievance policy with respect to his due process or retaliation claims, and those claims must be dismissed for failure to exhaust. (ECF No. 91); (*see also* ECF No. 98). Specifically, defendants describe the NDOC inmate grievance procedure as follows:

> Administrative Regulation 740 governs the grievance process for NDOC inmates and sets forth the procedures inmates must follow to resolve an alleged violation of the inmate's civil rights. In the grievance, the inmate must "factually demonstrate a loss or harm" and the "remedy that will satisfy the claim in the grievance."
>
> When an inmate wishes to grieve an alleged violation of his or her civil rights, the inmate must do so within six months of the alleged violation. If an inmate does not submit an informal grievance within that time, the inmate has forfeited the opportunity to obtain relief through the inmate grievance procedures.
>
> If an inmate submits a grievance past the time allowed, grievance coordinators must still enter the grievance into NDOC's inmate grievance records. Therefore, even when an inmate submits an informal grievance later than one month following the purported civil rights violation, NDOC will nonetheless make a record of the late grievance in the inmate's grievance history.
>
> If an inmate disagrees with NDOC's response to the informal grievance, the inmate must file an appeal within five (5) days of the date that the inmate receives the response. Such an appeal is a first level grievance. If an inmate disagrees with NDOC's response to the first level grievance, the inmate must file an appeal within five (5) days of the date that the inmate receives the response to the first level grievance. Such an appeal is a second

---

[1] Plaintiff does not contend that he exhausted his administrative remedies in this case. Instead, plaintiff refers to case 2:16-cv-757, wherein plaintiff unsuccessfully brought a variety of § 1983 claims against various state officials. (ECF No. 98 at 3). Plaintiff takes issue with the court's order dismissing his claims in that case because he failed to exhaust his administrative remedies: "the court said '. . . we won't open a case without evidence, plaintiff has not exhausted remedies, bla, bla, bullshit . . .'" *Id.* He goes on to allege, without evidentiary support, that "Rands is showing [a] few samples of grievances not even 5%." *Id.*

James C. Mahan
U.S. District Judge

- 7 -

> level grievance. The second level grievance is the final grievance that an inmate may file, unless the inmate has alleged sexual abuse.

(ECF No. 91 at 7–8 (internal citations to AR 740 omitted)).

Defendants contend that plaintiff failed to exhaust his administrative remedies regarding his due process claim against defendant Fajota. *Id.* at 8–9. Defendant filed two grievances regarding allegedly incorrect charges for his mailings. *Id.* at 8. Plaintiff stopped appealing his first grievance at "level one" and, as a result, did not exhaust his administrative remedies. *Id.* at 9. Plaintiff did appeal his second grievance to "level two," but he was "rejected because he failed to address the same issues throughout his appeals." *Id.* Defendants aver that this means plaintiff failed to complete the grievance process. *Id.* Out of an abundance of caution, the court assumes that a rejection at level two exhausts plaintiff's administrative remedies, and will address the merits of plaintiff's due process claim below.

Defendants argue that plaintiff did not file any grievances regarding his retaliation claim against defendant Wuest. *Id.* Accordingly, the motion for summary judgment is granted as to count 20 because defendant failed to exhaust his administrative remedies.

Defendants concede that plaintiff filed two grievances regarding the alleged outgoing mail violations (count 17), both of which "were exhausted and denied at all levels for failing to provide evidence of returned mail." (ECF No. 91 at 9). Accordingly, the court will address the merits of plaintiffs outgoing-mail-violation claim below.

Plaintiff filed three grievances regarding his retaliation claim against Ritz. *Id.* However, all three grievances were denied at the informal level, and plaintiff did not appeal those decisions. *Id.* Consequently, plaintiff failed to exhaust his administrative remedies and the court grants the motion for summary judgment as to count 16.

*2. Count 8: Due process violations against defendant Fajota*

While an authorized, intentional deprivation of property is actionable under the due process clause, neither a negligent nor intentional unauthorized deprivation of property by a prison official is actionable if a meaningful post-deprivation remedy is available for the loss. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985). An authorized

James C. Mahan
U.S. District Judge

- 8 -

deprivation is one carried out pursuant to established state procedures, regulations, or statutes. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982); Piatt v. MacDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); *see also Knudson v. City of Ellensburg*, 832 F.2d 1142, 1149 (9th Cir. 1987).

Plaintiff alleges that defendant Fajota deprived plaintiff of his property by approving and applying erroneous, frivolous, and excessive charges to plaintiff's account for copy work. (ECF No. 8 at 14). In particular, plaintiff complained of law library supervisors taking his mail and legal work, over-charging him, and denying him the ability to do copy work. *Id.* Defendant alleges that his complaint was forwarded to defendant Fajota, but frivolous charges continued to appear on his account each month. *Id.*

The plaintiff's allegations are belied by his daily transaction summary. (ECF No. 91-1). Sixteen dollars were deposited into plaintiff's account on June 1, 2015. *Id.* That day, ten transactions posted in the amount of $1.70, $0.10, $0.10, $0.80, $0.10, $0.20, $0.20, $0.50, $1.40, $2.80, and $0.10. *Id.* Consequently, roughly eight dollars were deducted from plaintiff's account for legal copies that the defendants represent were previously owed. *Id.*; (ECF No. 91 at 2).

Contrary to plaintiff's assertions, there are not over 400 transactions or charges on his account and no duplicate charges on his account. (ECF No. 91-1). There are only six additional transaction in nominal sums for legal postage, postage, and legal copies. *Id.* Plaintiff has presented no evidence to support his due process allegations.[2]

The evidence submitted by defendants shows that there is no genuine issue of material fact regarding plaintiff's due process claim. The court grants the motion for summary judgment as to count 8.

*3. Count 17: Outgoing mail violations against defendant Salazar*

In order for plaintiff's claim to survive a motion for summary judgment, plaintiff must provide more than conclusory allegations that are unsupported by factual data. *See Taylor*, 880

---

[2] Plaintiff indicates in his response that Jennifer Nash, who the court dismissed as a defendant in this case in its screening order, took money out of plaintiff's account at times not reflected by the daily transaction summary provided by defendants. (*Compare* ECF No. 98 at 2 (discussing unauthorized transactions in 2013, 2014, and 2017), *with* ECF No. 91-1 (showing transactions from August 2014, to June 14, 2016)). Plaintiff's response does not address defendant Fajota's conduct alleged in count 8.

F.2d at 1045. Plaintiff must set forth specific facts by producing competent evidence that shows a genuine issue for trial, which necessarily requires him to go beyond the assertions and allegations of the pleadings. *See Celotex*, 477 U.S. at 324.

Plaintiff alleges that defendant Salazar "tampered" with plaintiff's outgoing mail. (ECF No. 8 at 23). Plaintiff alleges that he sent over one hundred summonses to this court regarding two of plaintiff's pending cases. *Id.* None of them ever arrived. *Id.* Similarly, letters, motions, and other documents sent to the court, the sheriff, and immigration and naturalization never arrived. *Id.* Based on these allegations, the court found that plaintiff had alleged a colorable claim for a First Amendment violation. (ECF No. 7).

However, plaintiff does not elaborate on what Salazar did to tamper with his outgoing mail. (ECF No. 8 at 23). Instead, the complaint indicates that Salazar told plaintiff that all she does is receive the letters. *Id.* Plaintiff has not further elaborated on—let alone present competent evidence of—Salazar's conduct. The court is left with nothing but plaintiff's conclusory allegations.

As a result, the motion for summary judgment is granted as to count 17.

**IV.** **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff's petition for writ of mandamus (ECF No. 87) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's petition for writ of mandamus (ECF No. 99) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that defendants' motion for summary judgment (ECF No. 91) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion for default judgment (ECF No. 85) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff's motion for entry of clerk's default (ECF No. 74) be, and the same hereby is, DENIED.

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that plaintiff's request for submission (ECF No. 100) be, and the same hereby is, DENIED as moot.

The clerk is instructed to enter judgment and close the case accordingly.

DATED October 24, 2019.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE